# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 11, 2011

Lyle W. Cayce
Clerk

No. 10-50400
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FRANCISCO ANTONIO SERAFIN-RODRIGUEZ, also known as Franciso
Antonio Serafin, also known as Francisco Serafin,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-2850-1

Before DeMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:*

Francisco Antonio Serafin-Rodriguez (Serafin) pleaded guilty without the

benefit of a plea agreement to one count of illegally reentering the United States

after having been deported. He appeals his 46-month, within-guidelines

sentence, arguing that it is substantively unreasonable.

Serafin urges that despite his failure to object to the reasonableness of his

sentence in the district court, this court should review the sentence under an

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

abuse-of-discretion standard. He raises the argument only to preserve it for possible future review because, as he recognizes, it is foreclosed and our review is for plain error. *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To succeed under this standard, Serafin must show an error that is clear or obvious and that affects his substantial rights, but even so, this court generally will exercise its discretion to correct the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (citation omitted). Moreover, we presume that his within-guidelines sentence is reasonable. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Serafin contends that his sentence is greater than necessary to achieve the purposes of sentencing because the district court did not take into account his cultural assimilation to the United States. Though the district court had the authority to impose a shorter sentence based on this factor, it was not required to weigh Serafin's cultural assimilation more heavily than other factors. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). The court heard and understood Serafin's arguments for a lower sentence, but merely rejected the contention that his cultural assimilation outweighed his criminal history. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Specifically, the court found relevant that Serafin committed some of his crimes after illegally reentering the United States and that he had six felony convictions and two misdemeanor convictions. Serafin's disagreement with the court's balancing of the relevant factors is insufficient to show that the district court committed error, much less plain error, in imposing a within-guidelines sentence. *See Puckett*, 129 S. Ct. at 1429; *Ruiz*, 621 F.3d at 398.

Serafin also contends that the district court mistakenly observed that he burglarized cars for a living. However, this remark is supported in the record because according to the presentence report, though Serafin held jobs in the past, he was unemployed when he was caught breaking into cars and stealing

tools.  In any event, Serafin does not explain how this statement rendered his sentence substantively unreasonable.

Finally, Serafin argues that his within-guidelines sentence should not be presumed reasonable because § 2L1.2, the illegal reentry Guideline used to determine his sentence, is not supported by empirical data.  As Serafin correctly concedes, however, this argument is foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).  Accordingly, Serafin has not shown that the district court committed error, much less plain error.  *See Puckett*, 129 S. Ct. at 1429.

The judgment of the district court is AFFIRMED.